# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MARYLAND

|  |  |
|---|---|
| PUBLIC EMPLOYEES FOR<br>ENVIRONMENTAL RESPONSIBILITY,<br><br>*Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity<br>as President of the United States of<br>America, *et al.*,<br><br>*Defendants*. | Case No. 8:25-cv-00260-PX |

## MOTION TO AMEND COMPLAINT AND FOR EXPANSION OF PAGE LIMIT

Plaintiff Public Employees for Environmental Responsibility (PEER) respectfully moves for leave to file an amended complaint and to file up to 20 excess pages, for a total of 60 pages.[1] Counsel for Defendants has indicated that they do not oppose these requests.

Plaintiff sued on January 28, 2025, challenging Defendants' creation of a new classification for federal employees, "Schedule Policy/Career." Plaintiff subsequently amended its complaint on March 12, 2025, ECF No. 22, and Defendants moved to dismiss, ECF No. 31. On April 25, 2025, Plaintiff moved to extend its deadline to respond to the motion to dismiss until 35 days after the issuance of a Final Rule ("the Final Rule") issued in connection with a proposed rule, "Improving Performance, Accountability and Responsiveness in the Civil Service," 90 Fed. Reg. 17182 (Apr. 23, 2025), as contemplated by Executive Order 14,172, *Restoring Accountability to Policy-Influencing Positions Within the Federal Workforce*. ECF No. 32. On June 26, 2025,

---

[1] As required by Local Rule 103.6, a copy of Plaintiff's proposed Second Amended Complaint is attached as Exhibit 1; a redline comparing the proposed complaint and the First Amended Complaint (ECF No. 22) is attached as Exhibit 2.

Defendants indicated their consent to that motion to extend the deadline until 35 days after the issuance of the Final Rule. ECF No. 42. The Court subsequently stayed the case until completion of the Final Rule. ECF No. 44. The Final Rule, "Improving Performance, Accountability and Responsiveness in the Civil Service," 91 Fed. Reg. 5580, was published on February 6, 2026. The parties jointly moved to lift the stay on February 13, 2026, ECF No. 45, and the Court granted that motion on February 17, 2026, ECF No. 46, ordering Plaintiffs to respond to Defendants' pending motion to dismiss by March 13, 2026.

Under the Federal Rules of Civil Procedure, a party may amend its complaint "with the opposing party's written consent or the court's leave," and "courts should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has adopted a policy to "liberally allow amendment," in furtherance of the "wider federal policy of . . . resolving cases on the merits, instead of on technicalities." *U.S. ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 198 (4th Cir. 2022) (internal quotation marks and citations omitted). "A motion to amend should only be denied when 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 217-18 (4th Cir. 2019) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)).

Defendants would suffer no prejudice from Plaintiff's proposed amendment, and indeed, do not oppose it. Plaintiff has acted in good faith, having alerted Defendants and the Court no later than April 25, 2025 to their likely intent to seek leave to amend. ECF No. 32 at 4 ("It is almost certain the PEER will seek leave to file a Second Amended Complaint" after the final rulemaking). Further, the proposed amendment is prompted by and would not have been possible before the February 6, 2026 rulemaking. And the amendment is not futile; to the contrary, in

2

addition to adding new plaintiffs, it removes several claims which were arguably mooted by the completed rulemaking, and both updates live existing claims and adds new claims to account for the rulemaking.

Plaintiffs challenge extensive and significant actions by Defendants, including a major federal rulemaking and multiple executive orders. These actions seek to implement substantial changes to the federal workforce, and implicate a wide range of substantive areas of law. The complexity, scale, and importance of these issues present "extraordinary circumstances" justifying an expansion of Local Rule 103.1(d)'s page limit. Plaintiff therefore seeks leave to file a complaint of no more than 60 pages, a twenty-page expansion beyond the rule. Defendants do not oppose that expansion.

Dated: March 4, 2026                Respectfully submitted,

/s/ Mark B. Samburg
Mark B. Samburg (Bar No. 31090)
Kevin E. Friedl (Bar No. 31574)
Michael Martinez (Bar No. 31553)
Webb Lyons [+]
Joel McElvain (Bar No. 31673)
Elena Goldstein (Bar No. 31738)
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Telephone: (202) 448-9090
Fax: (202) 796-4426
msamburg@democracyforward.org
kfriedl@democracyforward.org
mmartinez@democracyforward.org
wlyons@c.democracyforward.org [+]
jmcelvain@democracyforward.org
egoldstein@democracyforward.org

Jonathan Weissglass*
LAW OFFICE OF JONATHAN WEISSGLASS
1939 Harrison St., Suite 150-B
Oakland, CA 94612
Telephone: (510) 836-4200
jonathan@weissglass.com

Donald K. Sherman*
Nikhel S. Sus (Bar No. 31761)
Jonathan E. Maier*
Lauren Bingham*
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, D.C. 20044
Telephone: (202) 408-5565
Fax: (202) 588-5020
dsherman@citizensforethics.org
nsus@citizensforethics.org
jmaier@citizensforethics.org
lbingham@citizensforethics.org

*Admitted *pro hac vice*
[+]*Pro hac vice* motion forthcoming